IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD SPRIGGS, #067947, <br> aka ELISHA HARRISON SPRIGGS, <br> aka DON DINO, <br> aka GREGORY X, <br>     Petitioner <br><br> v. <br><br> WARDEN, et al., <br>     Respondents | * <br><br> * <br><br> * <br><br> *    CIVIL ACTION NO.  JFM-05-423 <br><br> * |

******

**<u>MEMORANDUM</u>**

On February 10, 2005,  Petitioner Donald Spriggs filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for larceny entered against him in 1974 by what is now known as the Circuit Court for Baltimore City, Maryland.  Paper No. 1.  On April 15, 2005, Respondents filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. Paper No. 5.  Pursuant to this Court's Order of April 19, 2005, Petitioner was granted twenty days to file a reply to the Answer stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 7.  Petitioner has not filed a response.

Petitioner's convictions were entered in February of 1974.  Paper No. 1, Ex. 1.  The conviction and sentence were affirmed by the Maryland Court of Special Appeals on March 20, 1975.  *Id*., Ex. 2. The Maryland Court of Appeals declined further review on June 2, 1975.  *Id*., Ex. 3.  On April 28, 1975, Petitioner instituted post conviction proceedings.  The petition was withdrawn on August 25, 1975.  *Id*., Ex. 4.  Petitioner re-instituted post conviction proceedings on October 1, 1975. *Id.*  The petition was

denied on April 28, 1976. *Id.* Ex. 5. Application for leave to appeal from the denial of post conviction relief was denied on June 2, 1976. *Id.* Ex. 6.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. 28 U.S.C. § 2244(d).[1]  Although the statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date to file a petition for writ of habeas corpus in federal court. *Brown v. Angelone*, 150 F.3d

---

[1]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Baltimore City became final in 1975. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202. Between April 24, 1996, and February 10, 2005, Petitioner had no post-conviction or other proceedings pending which would have served to toll the one year limitation period. *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period. Accordingly, a separate Order will be entered denying the Petition as time barred under 28 U.S.C. § 2244(d).

<u>May 18, 2005</u>        <u>/s/</u>
 Date        J. Frederick Motz
        United States District Judge